150.00
pd.
Receipt # 73149

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED
DEC 1 7 2003
AT _____ O'CLOCK ____ M
LAWRENCE K. DAERMAN, Clerk
UTICA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

JACK STIFFLER and LAURA CAMPBELL,
Individually and as Co-Administrators of the
Estate of JEFFREY R. STIFFLER, Deceased,

Plaintiffs,

vs.

GLENN S. GOORD; FREDERICK HARRISON GRABO, M.D.;
MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST
LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.;
HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED
SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.;
GLORIA JANE JANICKI, N.P.; EDWARD REYNOLDS;
CHARLIE ATKINSON; ROBERT J. NICAISE, M.D.;
SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N.;
SALLY ANN BAXTER, R.N.; JOSEPH COSTELLO; and "JOHN DOE"
and/or "JOHN DOES", being fictitious and intended to designate
the person(s) who provided medical and/or nursing services and/or
who participated in the denial or delay of medical services and/or
treatment to the Decedent, Jeffrey R. Stiffler, while he was detained
at Mohawk Correctional Facility and/or Mid-State Correctional Facility,

Defendants.

Civil Action No.:
5: 03-CV-1491

*COMPLAINT*

JURY DEMAND

---

The Plaintiffs, as and for a Complaint, by and through their attorneys', Brindisi, Murad &

Brindisi-Pearlman, LLP, respectfully show to this Court and allege as follows:

1

## *PRELIMINARY STATEMENT*

1.      This action seeks monetary relief for Plaintiffs, JACK STIFFLER and LAURA

CAMPBELL, Individually, and as Co-Administrators of the ESTATE OF JEFFREY R.

STIFFLER, as a result of the civil rights violations, negligence, medical malpractice, wrongful

death, and other damages, including, but not limited to, pecuniary loss, loss of services, loss of

guidance and support, loss of inheritance, medical expenses, funeral and burial expenses, and for

conscious pain and suffering, all as a result of the negligence of the Defendants.

## *JURSIDICTION*

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 28

U.S.C. Section 1343, the Eighth Amendment to the Constitution of the United States of America

and Title 42 U.S.C. Section 1983, as hereinafter more fully appears.

3.      The incident alleged herein occurred within the Northern District of New York.

4.      This case involves a violation of the Eighth Amendment to the United States

Constitution and the federal civil rights laws of the United States.

5.      This Court has supplemental, pendant and ancillary jurisdiction for all other

claims herein pursuant to 28 U.S.C. Section 1367.

## *STATUS OF PARTIES*

6.      At all times herein mentioned the Plaintiff, JACK STIFFLER, is and was a citizen

of the United States of America, and resides at 119 Sweetwater Drive, Jacksonville, North

Carolina, 28540.

7.    At all times herein mentioned, the Plaintiff, LAURA CAMPBELL, is and was a citizen of the United States of America, and resides at 1146 Quaker Road, Barker, New York, 14012.

8.    On or about the 22nd day of August, 2003, Letters of Administration were issued to Plaintiffs, JACK L. STIFFLER and LAURA A. CAMPBELL, to act as Co-Administrators of the Estate of Jeffrey R. Stiffler, deceased, by virtue of the order of the Honorable Peter L. Broderick, Sr., Surrogate Court of the County of Niagara.

9.    Prior to filing the within Complaint, a Notice of Intention to File a Claim and an Amended Notice of Intention to File a Claim was served on Elliot L. Spitzer, Esq., Attorney General, The State of New York, Alan J. Croce, Chairman/Commissioner, The New York State Commission of Correction, Glenn S. Goord, Commissioner, The New York State Department of Correctional Services, Edward Reynolds, Superintendent, Mohawk Correctional Facility and Joseph Costello, Superintendent, Mid-State Correctional Facility.

10.    The cause of action arose at Mohawk State Correctional Facility and Mid-State Correctional Facility, both of which are located in the Northern District of New York.

11.    Upon information and belief, and at all the times herein mentioned, the Defendant, GLENN S. GOORD, is and was the Commissioner of the New York State Department of Correctional Services at the time that the Decedent, Jeffrey R. Stiffler, was detained as an inmate at Mohawk Correctional Facility and/or Mid-State Correctional Facility, with his principal offices located at State Office Building Campus, 1220 Washington Avenue, Albany, New York 12226.

12.    Upon information and belief, and at all the times herein mentioned, the Defendant, FREDERICK HARRISON GRABO, M.D., is and was a physician duly licensed to practice medicine in the State of New York, with his principal place of business located at 1101 N. George Street, Rome, New York 13440, the same being within the Northern District of New York.

13.    Upon information and belief, and at all the times herein mentioned, the Defendant, FREDERICK HARRISON GRABO, M.D., while providing services as an agent, employee and/or outside medical professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

14.    Upon information and belief, and at all the times herein mentioned, the Defendant, MARCELLA NUNAN SCHEIBEL, R.N, is and was a registered nurse duly licensed to practice nursing in the State of New York, residing in East Syracuse, New York, the same being within the Northern District of New York.

15.    Upon information and belief, and at all the times herein mentioned, the Defendant, MARCELLA NUNAN SCHEIBEL, R.N, while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

16.    Upon information and belief, and at all the times herein mentioned, the Defendant, ROBERT ERNEST LOWENSTEIN, M.D., is and was a physician duly licensed to practice medicine in the State of New York, with his principal place of business located at 32 Marvin Street, Clinton, New York 13323, the same being within the Northern District of New York.

17.    Upon information and belief, and at all the times herein mentioned, the Defendant, ROBERT ERNEST LOWENSTEIN, M.D., while providing services as an agent, employee and/or outside medical professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

18.    Upon information and belief, and at all the times herein mentioned, the Defendant, MICHELLE ROSE HOLDBROOK, R.N., is and was a registered nurse duly licensed to practice nursing in the State of New York, residing at 8069 Turin Road, Rome, New York, the same being within the Northern District of New York.

19.    Upon information and belief, and at all the times herein mentioned, the Defendant, MICHELLE ROSE HOLDBROOK, R.N., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

20.    Upon information and belief, and at all the times herein mentioned, the Defendant, HELEN PODKOWKA RICHARDS, R.N., is and was a registered nurse duly licensed to practice nursing in the State of New York, residing at 6313 Pillmore Road, Rome, New York, the same being within the Northern District of New York.

21.    Upon information and belief, and at all the times herein mentioned, the Defendant, HELEN PODKOWKA RICHARDS, R.N., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

22.    Upon information and belief, and at all the times herein mentioned, the Defendant, MOHAMMED SEEDAT, M.D., is and was a physician duly licensed to practice medicine in the State of New York, with his principal place of business located at 1009 East Avenue, Rome, New York 13440, the same being within the Northern District of New York.

23.    Upon information and belief, and at all the times herein mentioned, the Defendant, MOHAMMED SEEDAT, M.D., while providing services as an agent, employee and/or outside medical professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

24.     Upon information and belief, and at all the times herein mentioned, the Defendant, KATHRYN DENISE SCHANTZ, R.N., is and was a registered nurse duly licensed to practice nursing in the State of New York, residing at 3056 Hayes Road West, Boonville, New York 13309, the same being within the Northern District of New York.

25.     Upon information and belief, and at all the times herein mentioned, the Defendant, KATHRYN DENISE SCHANTZ, R.N., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

26.     Upon information and belief, and at all the times herein mentioned, the Defendant, GLORIA JANE JANICKI, N.P., is and was a registered nurse practitioner duly licensed to practice as a nurse practitioner in the State of New York, residing at 2001 Ann Street, Utica, New York, the same being within the Northern District of New York.

27.     Upon information and belief, and at all the times herein mentioned, the Defendant, GLORIA JANE JANICKI, N.P., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility.

28.    Upon information and belief, and at all the times herein mentioned, the Defendant, EDWARD REYNOLDS, was and is the Superintendent of Mohawk Correctional Facility, with his principle office located at 6100 School Road, Box 8450, Rome, New York 13440, the same being within the Northern District of New York.

29.    Upon information and belief, and at all the times herein mentioned, the Defendant, EDWARD REYNOLDS, while working as an officer, agent and/or employee of New York State and/or the New York State Department of Correctional Services, was the Superintendent of the Mohawk Correctional Facility, while the Decedent, Jeffrey R. Stiffler, was detained as an inmate at Mohawk Correctional Facility.

30.    Upon information and belief, and at all the times herein mentioned, the Defendant, CHARLIE ATKINSON, resides on Crazy Mills Eben Road, Canton, New York 13617, the same being within the Northern District of New York.

31.    Upon information and belief, and at all the times herein mentioned, the Defendant, CHARLIE ATKINSON, while working as an officer, agent and/or employee of New York State and/or the New York State Department of Correctional Services, was a Sergeant at the Mohawk Correctional Facility, while the Decedent, Jeffrey R. Stiffler, was detained as an inmate at Mohawk Correctional Facility.

32.    Upon information and belief, and at all the times herein mentioned, the Defendant, ROBERT J. NICAISE, M.D., is and was a physician duly licensed to practice medicine in the State of New York, with his principal place of business located at Mid-State

Correctional Facility, Route 291, Marcy, New York 13403, the same being within the Northern District of New York.

33.    Upon information and belief, and at all the times herein mentioned, the Defendant, ROBERT J. NICAISE, M.D., while providing services as an agent, employee and/or outside medical professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mid-State Correctional Facility.

34.    Upon information and belief, and at all the times herein mentioned, the Defendant, SUBBARAO V. RAMINENI, M.D., is and was a physician duly licensed to practice medicine in the State of New York, with his principal place of business located at 1316 Black River Boulevard, Rome, New York 13440, the same being within the Northern District of New York.

35.    Upon information and belief, and at all the times herein mentioned, the Defendant, SUBBARAO V. RAMINENI, M.D., while providing services as an agent, employee and/or outside medical professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mid-State Correctional Facility.

36.    Upon information and belief, and at all the times herein mentioned, the Defendant,  DEBORAH BONOMO, R.N., is and was a registered nurse duly licensed to practice

nursing in the State of New York, residing at 7550 South Street, Clinton, New York 13323, the same being within the Northern District of New York.

37.     Upon information and belief, and at all the times herein mentioned, the Defendant, DEBORAH BONOMO, R.N., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility or the Mid-State Correctional Facility.

38.     Upon information and belief, and at all the times herein mentioned, the Defendant, SALLY ANN BAXTER, R.N., is and was a registered nurse duly licensed to practice nursing in the State of New York, residing at 103 6th Street, Rome, New York 13440, the same being within the Northern District of New York.

39.     Upon information and belief, and at all the times herein mentioned, the Defendant, SALLY ANN BAXTER, R.N., while providing services as an agent, employee and/or outside nursing professional under contract with the State of New York and/or the New York State Department of Correctional Services, did provide nursing services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was an inmate detained at Mohawk Correctional Facility or the Mid-State Correctional Facility.

40.     Upon information and belief, and at all the times herein mentioned, the Defendant, JOSEPH COSTELLO, was and is the Superintendent of Mid-State Correctional

Facility with his principle office located at Route 291, Marcy, New York 13403, the same being within the Northern District of New York.

41.     Upon information and belief, and at all the times herein mentioned, the Defendant, JOSEPH COSTELLO, while working as an officer, agent and/or employee of New York State and/or the New York State Department of Correctional Services, was the Superintendent of Mid-State Correctional Facility, while the Decedent, Jeffrey R. Stiffler, was detained as an inmate at Mohawk Correctional Facility.

42.     Upon information and belief, and at all the times herein mentioned, the Defendant(s) JOHN DOE" and/or "JOHN DOES", are fictitious and intended to designate the person(s) who provided medical and/or nursing services and/or who participated in the denial or delay of medical services and/or treatment to the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility.

### *FIRST CAUSE OF ACTION - WRONGFUL DEATH DUE TO VIOLATIONS OF TITLE 42 – UNITED STATES CODE - SECTION 1983 - AS AGAINST ALL DEFENDANTS*

43.     Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1" through "42", with the same force and effect as if more fully set forth herein.

44.     The Plaintiffs' Decedent, Jeffrey R. Stiffler, at all times relevant hereto, was incarcerated at the Mohawk Correctional Facility located in Rome, New York and/or the Mid-State Correctional Facility located in Marcy, New York.

45.     On or about the Fall of 2002, and for a period of time thereafter, Plaintiffs' Decedent, Jeffrey R. Stiffler, complained of persistent abdominal pain, blood in his urine and fever and requested, to prison representatives, that he be allowed sick call visits.

46.     Upon information and belief, Plaintiffs' Decedent contacted, via telephone, Plaintiff, JACK STIFFLER, and advised him that his complaints of pain were going unanswered by prison officials and his requests for sick call visits were being denied.

47.     Upon information and belief, Plaintiffs' Decedent, Jeffrey R. Stiffler, requested that a prison representative accompany him to the bathroom where he showed said representative that he was passing blood upon urination. Based upon this observation by a prison representative, upon information and belief, Plaintiffs' Decedent was allowed a sick call visit.

48.     Upon information and belief, Plaintiffs' Decedent was initially advised by prison representatives that he was overdoing it with the weights, however, he was later advised that he was passing a kidney stone, and was sent back to his prison cell.

49.     Upon information and belief, Plaintiffs' Decedent was given an additional sick call visit wherein he passed the kidney stone.

50.     Upon information and belief, after passing the kidney stone, Plaintiffs' Decedent, Jeffrey R. Stiffler, made numerous complaints to prison representatives and the medical staff that he was not getting better, was actually feeling worse, and needed to make sick call visits.  Upon information and belief, he was advised that he merely had a cold.

51.     Upon information and belief, on or about December 10, 2002, Plaintiffs' Decedent was not feeling well and complaining of abdominal pain and was seen in the infirmary

at Mohawk Correctional Facility by Defendant, Michelle Rose Holbrook, R.N., where he was diagnosed as having hematuria, asymptomatic.

52.     Upon information and belief, on or about December 13, 2002, the Plaintiffs' Decedent continued to not feel well and was complaining of body aches, nausea and fever and was seen in the infirmary at Mohawk Correctional Facility again by Defendant, MICHELLE ROSE HOLBROOK, R.N.

53.     Upon information and belief, on December 16th or in the early hours of December 17th, 2002, the Plaintiffs' Decedent, Jeffrey R. Stiffler, made complaints to Defendant, CHARLIE ATKINSON, the Sergeant on duty at Mohawk Correctional Facility, that he was not feeling well, *burning up* with fever and, as such, he requested a sick call visit to the infirmary.

54.     Upon information and belief, despite Plaintiff's Decedent's requests for medical treatment, the Defendant, CHARLIE ATKINSON, refused Plaintiffs' Decedent, Jeffrey R. Stiffler, a sick visit call and told him that he would have to wait until the next morning, thereby denying him and/or delaying his access to medical treatment for his serious medical condition.

55.     Upon information and belief, on or about December 17, 2002, the Plaintiffs' Decedent continuing to not feel well and was suffering from vomiting, coughing, dizziness and a fever of 102 degrees and was finally allowed a sick call visit and was seen in the infirmary at Mohawk Correctional Facility by Defendant, HELEN PODKOWKA RICHARDS, R.N.

56.     Upon information and belief, on or about December 17, 2002, the Plaintiffs' Decedent was examined by Defendant, MOHAMMED SEEDAT, in the infirmary at Mohawk Correctional Facility, and was complaining of sore throat, fever, and aches. On said date, the

Defendant MOHAMMED SEEDAT, ordered Cipro and Tylenol for the Decedent, Jeffrey R. Stiffler, and he further arranged him to be transferred to the Mid-State Correctional Facility.

57.    Upon information and belief, on or about December 17, 2002, the Plaintiffs' Decedent was transferred to Mid-State Correctional Facility from the Mohawk Correctional Facility, was admitted to the infirmary and examined by Defendant, ROBERT J. NICAISE, M.D., and/or Defendant, DEBORAH BONOMO, R.N., and was found to have a fever of 102 degrees.

58.    Upon information and belief, the Defendant, ROBERT J. NICAISE, M.D., ordered laboratory work, prescribed Compazine and an IV NSS.

59.    Upon information and belief, on or about December 18, 2002, the Plaintiff's Decedent, Jeffrey Stiffler, was examined by Defendant, SUBBARAO V. RAMINENI, M.D., and/or Defendant, DEBORAH BONOMO, R.N., and was found to have a temperature of 101 degrees.

60.    Upon information and belief, the Defendant, SUBBARAO V. RAMINENI, M.D., ordered that oxygen be given and prescribed an albuterol nebulizer and Tylenol.

61.    Upon information and belief, on or about December 18, 2002, the Plaintiffs' Decedent, Jeffrey R. Stiffler, was transferred back to Mohawk Correctional Facility from Mid-State Correctional Facility.

62.    Upon information and belief, and at all times relevant hereto, the Plaintiffs' Decedent, Jeffrey R. Stiffler, during his incarceration at the Mohawk Correctional Facility and

Mid-State Correctional Facility was denied and/or delayed access to proper and adequate medical care, attention or treatment by the Defendants herein.

63.     Upon information and belief, on or about December 18, 2002, the Plaintiffs' Decedent, Jeffrey R. Stiffler, was transferred to St. Luke's Hospital located on Champlain Avenue, Utica, New York, where he was admitted with acute presentation suggestive of severe community acquired pneumonia with significant hypoxemia and fever, shortness of breath, nausea and vomiting, and diarrhea over the preceding several days.

64.     Upon information and belief, while at St. Luke's Memorial Hospital, Claimants' Decedent was diagnosed with pneumonia, acute respiratory failure, volume depletion disorder (dehydration), acute renal failure with lesion of tubular necrosis, hyperpotassemia, shock, hematuria, and viral infection; and he underwent continuous mechanical ventilation for 96 consecutive hours or more, parenteral infusion of concentrated nutritional substances, insertion of endotracheal tube, cardiopulmonary resuscitation and electric counter shock of the heart, and ultimately he died on December 23, 2002.

65.     While in the custody and/or under the care of the Defendants, Decedent Jeffrey R. Stiffler, was deprived of his constitutional rights, privileges and immunities to receive adequate and/or proper medical treatment during his period of incarceration.

66.     The joint and/or several negligence of the Defendants, as each act of negligence applies to each respective Defendant, among other things, consisted of the following, to wit:

> In denying or delaying the Decedent, Jeffrey R. Stiffler's, access to proper and adequate medical care and treatment for his serious medical condition;

> In failing to immediately transfer the Decedent, Jeffrey R. Stiffler, upon realizing he had a serious medical condition, to St. Luke's Hospital or some other medical hospital where he could receive proper medical care and treatment by skilled physicians and nurses and other hospital staff;

> in failing to properly, adequately and timely respond to the Decedent, Jeffrey R. Stiffler's, requests for medical attention;

> in failing to properly, adequately and timely seek and/or provide medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained he was ill, not feeling well, had body aches and fever;

> in failing to provide knowledgeable, skillful and competent medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained that he was not feeling well while he was incarcerated by the New York State Department of Correctional Services;

> in failing to timely and adequately provide medical treatment and properly diagnose the Decedent, Jeffrey R. Stiffler's, medical condition while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

> in failing to provide all necessary health care services to the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

> in failing to recognize or have the knowledge to recognize their inabilities and lack of skill to treat the Decedent, Jeffrey R. Stiffler, when they knew or should have known of

the foreseeable consequences of their inability and failure to properly provide said Decedent with acceptable medical care and treatment;

➤ in failing to transfer Decedent, Jeffrey R. Stiffler, to a medical facility that was trained and equipped to deal with his medical condition after he complained that he was ill and did not feel well;

➤ in failing to have proper procedures in place for providing medical care and treatment to Decedent, Jeffrey R. Stiffler, who was in need of medical care and treatment, while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➤ in failing to properly protect and keep safe the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➤ in failing to coordinate and monitor the needed medical services for Decedent, Jeffrey R. Stiffler, to assure his optimum physical well-being while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➤ in their failure to provide the necessary medical care and services to attain or maintain the highest practicable physical well being of Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ by failing to exercise reasonable care and prudence and supervision, so as to prevent the ultimate death of the Decedent, Jeffrey R. Stiffler;

➢ failing to provide adequate assistance to the Decedent, Jeffrey R. Stiffler, while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ failing to exercise all care reasonably necessary to prevent and limit risk of injury or death to the Decedent, Jeffrey R. Stiffler;

➢ in failing to take appropriate precautions for the Decedent, Jeffrey R. Stiffler, after he complained he was ill and not feeling well;

➢ in failing to abide by the standard of care and/or proper protocol requirements when a detainee is ill and requires medical care, attention and/or treatment;

➢ in failing to make a timely medical referral of Decedent, Jeffrey R. Stiffler;

➢ in failing to conduct proper physical medical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➢ in callously disregarding Decedent, Jeffrey R. Stiffler's, severe physical symptoms and complaints;

➢ in placing Decedent, Jeffrey R. Stiffler, in a hazardous and dangerous condition;

➢ in disregarding Decedent, Jeffrey R. Stiffler's, complaints of pain and sickness;

➢ failing to conduct adequate and timely physical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➤ in failing to prevent the incident, injuries and ultimate death of Decedent, Jeffrey R. Stiffler;

➤ in failing to staff their facility with competent and properly trained personnel;

➤ in failing to fully supply their facility with necessary medical equipment and medications;

➤ in engaging in a pattern of delayed treatment and a callous disregard of Decedent, Jeffrey R. Stiffler's, severe physical symptoms;

➤ in willfully refusing to treat and/or provide for proper treatment of Decedent, Jeffrey R. Stiffler's, medical condition;

➤ in engaging in a general indifference to Decedent, Jeffrey R. Stiffler's requests for medical care, attention and treatment;

➤ in showing a deliberate indifference to the medical needs and physical well being of Decedent, Jeffrey R. Stiffler;

➤ in engaging in a pattern of conduct that demonstrated a willful refusal and/or a deliberate indifference to provide adequate medical care and/or provide for the physical well being of Decedent, Jeffrey R. Stiffler, an inmate incarcerated at Mohawk Correctional Facility and/or Mid-State Correctional Facility, who was suffering from an obvious and known ailment and was in their custody and control and/or under their care;

➤ in violating Decedent, Jeffrey R. Stiffler's, civil rights under Section 42 USC §1983;

➤ in failing to properly train and supervise their officers, agents and employees to recognize that Decedent, Jeffrey R. Stiffler, was in need of medical care and attention;

➢ in implementing policies that palpably and deliberately interfered with the exercise of sound professional judgment by health care or other workers that they supervised, with a conscious disregard for the resulting substantial risk of serious health consequence to Decedent, Jeffrey R. Stiffler, an incarcerated individual, whose medical needs they should have been prepared to and were obligated to meet;

➢ in engaging in grossly negligent behavior by failing to supervise subordinates who were committing wrongful acts;

➢ in creating a policy or custom under which unconstitutional practices occurred or in permitting and allowing the continuance of such a policy or custom; and

➢ the Defendants were otherwise negligent.

67.    The challenged conduct of Defendants, their officers, agents, servants, representatives an/or employees, as set forth at length herein, is attributable to a person or persons acting under color of state law; such challenged conduct deprived Plaintiffs' Decedent, Jeffrey R. Stiffler, of his rights, privileges or immunities secured by the United States Constitution and/or the laws of the United States and, in particular, his Eighth Amendment right to be provided with adequate medical care while an inmate and detainee at their facility; the Plaintiffs' Decedent, Jeffrey R. Stiffler, had a serious medical condition that was met with deliberate indifference; and the Defendants' acts and/or failure to act were the proximate cause of the injuries, consequent damages and ultimate death of the Decedent, Jeffrey R. Stiffler.

68.    The Decedent, Jeffrey R. Stiffler's, serious medical needs went unmet by reason of culpable, deliberately indifferent conduct by the Defendants and/or their employees and/or

subordinates, who were acting under color of state law; which interfered with the exercise of sound professional judgment by the health care and/or other workers at Mohawk Correctional Facility and/or Midstate Correctional Facility.

69.     As a result of Defendants' denial, delay and/or failure to provide adequate medical treatment, and as a result of the clear pattern of delayed treatment, callous disregard of severe physical symptoms, failure to conduct proper physical examinations and/or other tests, and general indifference to requests of medical care, Plaintiffs' Decedent, Jeffrey R. Stiffler, sustained serious personal injuries which led to his ultimate death.

70.     Defendants negligent conduct, as set forth herein, is attributable to their conduct and they were acting under color of state law and such conduct deprived the Decedent, Jeffrey R. Stiffler, of his rights and privileges secured by the Constitution and laws of the United States.

71.     Since the Decedent, Jeffrey R. Stiffler, had a serious medical condition that was met with deliberate indifference, Plaintiffs JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the Estate of Jeffrey R. Stiffler, are asserting a civil rights violation under Title 42 USC §1983 against the Defendants due to their deliberate deprivation of Decedent, Jeffrey R. Stiffler's, Eighth Amendment Constitutional right, which guaranteed to him the right to receive medical treatment while he was an inmate in prison.

72.     Upon information and belief, there is a pattern of apparent negligence, omission, deliberate indifference and intentional participation by Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N.,

MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., in their response to Plaintiffs' Decedent's medical needs in that they disregarded the substantial risk of serious harm to Plaintiffs' Decedent's health and safety by depriving him of adequate and proper medical care and treatment and a referral to a medical specialist that was skilled to treat his serious medical condition, all as more particularly set forth above.

73.    Upon information and belief, there is a pattern of apparent negligence, omission, deliberate indifference and intentional participation by Defendant, CHARLIE ATKINSON, in that he intentionally denied and/or delayed Plaintiffs' Decedent's access to medical care by not allowing him a sick call visit, when Plaintiffs' Decedent's medical condition was so obvious that he should have easily recognized the need for immediate medical attention, all as more particularly set forth above.

74.    Upon information and belief, the Defendants, GLENN S. GOORD, FREDERICK HARRISON GRABO, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., EDWARD REYNOLDS, SUBBARAO V. RAMINENI, M.D., SALLY ANN BAXTER, R.N., and JOSEPH COSTELLO, were grossly negligent in supervising subordinates who were committing wrongful acts in depriving, delaying and/or denying Plaintiffs' Decedent's access to proper and adequate medical treatment and/or a referral to a medical specialist skilled to treat Plaintiffs' Decedent's serious medical condition; they created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom;

and they exhibited a deliberate indifference to the rights of inmates and, in particular, to Plaintiffs' Decedent, by failing to act on information indicating that unconstitutional acts were occurring, all as more particularly set forth above.

75. Due to the breach and/or violation of the Defendants' duties and the aforesaid statutory requirements, the Defendants are responsible and liable to the Plaintiffs for their Decedent's injuries, damages, and ultimate death.

76. Upon information and belief, the limitations set forth in Article 16 of the CPLR do not apply and this Claim states a cause of action which, if alleged and proved, would be an exception to CPLR 1602(2)(iv).

77. By reason of the foregoing, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the Estate of JEFFREY R. STIFFLER, are entitled to judgment against the Defendants for Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of violations of Title 42 of the United States Code §1983 in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### SECOND CAUSE OF ACTION
### CONSCIOUS PAIN AND SUFFERING DUE TO VIOLATIONS OF TITLE 42 – UNITED STATES CODE - SECTION 1983 – AS AGAINST ALL DEFENDANTS

78. Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1" through "77", with the same force and effect as if more fully set forth herein.

79.    The negligent, reckless, and wanton acts and omissions of the Defendants and/or their employees and/or their subordinates, as a result of violations of Title 42 of the United States Code, §1983, caused Plaintiffs' Decedent, Jeffrey R. Stiffler, substantial conscious pain and suffering.

80.    By reason of the foregoing, Plaintiffs, JACK STIFFLER AND LAURA CAMPBELL, Individually and as Co-Administrators of the Estate of JEFFREY R. STIFFLER, are entitled to judgment against the Defendants for Decedent's conscious pain and suffering as a result of violations of Title 42 of the United States Code, §1983 in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## THIRD CAUSE OF ACTION - WRONGFUL DEATH DUE TO NEGLIGENCE - AS AGAINST ALL DEFENDANTS

81.    Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1" through "80", with the same force and effect as if more fully set forth herein.

82.    This is a claim for the wrongful death of Plaintiffs' decedent, Jeffrey R. Stiffler, as a result of the negligence of Defendants and/or their officers, agents, employees and/or subordinates, in failing to provide and/or in delaying providing proper medical care and treatment to the Plaintiffs' Decedent, Jeffrey R. Stiffler.

83.    Despite numerous and continuous complaints of need for medical care, abdominal pain, body aches, urine in the blood, fever, respiratory difficulties, all as set forth more particularly above, the Defendants and/or their officers, agents, employees and/or subordinates,

failed to provide proper and adequate medical care, including, providing a physician and/or other medical staff who possessed a reasonable degree of learning and skill capable of making a diagnosis of Plaintiffs' Decedent's illness.

84.    The Plaintiffs' Decedent was denied and/or delayed access to a physician and/or the necessary medical specialists to treat his condition.

85.    The Defendants and/or their officers, agents, employees and/or subordinates, failed to exercise their duty to provide reasonable care and diligence in affording proper medical care and treatment to Plaintiffs' Decedent, Jeffrey R. Stiffler, failed to employ approved medical methods in use, failed to employ competent and skilled medical staff and failed to timely diagnose Plaintiffs' Decedent, Jeffrey R. Stiffler, with severe pneumonia, acute respiratory failure, dehydration, acute renal failure with lesion of tubular necrosis, hyperpotassemia, shock, hematuria, and viral infection.

86.    The joint and/or several negligence of the Defendants and/or by and through their officers, agents, servants, representatives, employees and/or subordinates, as each act applies to each respective Defendant, among other things, consisted of the following, to wit:

> In denying or delaying the Decedent, Jeffrey R. Stiffler's, access to proper and adequate medical care and treatment for his serious medical condition;

> In failing to immediately transfer the Decedent, Jeffrey R. Stiffler, upon realizing he had a serious medical condition, to St. Luke's Hospital or some other medical hospital where he could receive proper medical care and treatment by skilled physicians and nurses and other hospital staff;

25

➢ in failing to properly, adequately and timely respond to the Decedent, Jeffrey R. Stiffler's, requests for medical attention;

➢ in failing to properly, adequately and timely seek and/or provide medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained he was ill, not feeling well, had body aches and fever;

➢ in failing to provide knowledgeable, skillful and competent medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained that he was not feeling well while he was incarcerated by the New York State Department of Correctional Services;

➢ in failing to timely and adequately provide medical treatment and properly diagnose the Decedent, Jeffrey R. Stiffler's, medical condition while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to provide all necessary health care services to the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to recognize or have the knowledge to recognize their inabilities and lack of skill to treat the Decedent, Jeffrey R. Stiffler, when they knew or should have known of the foreseeable consequences of their inability and failure to properly provide said Decedent with acceptable medical care and treatment;

➢ in failing to transfer Decedent, Jeffrey R. Stiffler, to a medical facility that was trained and equipped to deal with his medical condition after he complained that he was ill and did not feel well;

➢ in failing to have proper procedures in place for providing medical care and treatment to Decedent, Jeffrey R. Stiffler, who was in need of medical care and treatment, while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to properly protect and keep safe the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to coordinate and monitor the needed medical services for Decedent, Jeffrey R. Stiffler, to assure his optimum physical well-being while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in their failure to provide the necessary medical care and services to attain or maintain the highest practicable physical well being of Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ by failing to exercise reasonable care and prudence and supervision, so as to prevent the ultimate death of the Decedent, Jeffrey R. Stiffler;

➢ failing to provide adequate assistance to the Decedent, Jeffrey R. Stiffler, while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ failing to exercise all care reasonably necessary to prevent and limit risk of injury or death to the Decedent, Jeffrey R. Stiffler;

➢ in failing to take appropriate precautions for the Decedent, Jeffrey R. Stiffler, after he complained he was ill and not feeling well;

➢ in failing to abide by the standard of care and/or proper protocol requirements when a detainee is ill and requires medical care, attention and/or treatment;

➢ in failing to make a timely medical referral of Decedent, Jeffrey R. Stiffler;

➢ in failing to conduct proper physical medical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➢ in callously disregarding Decedent, Jeffrey R. Stiffler's, severe physical symptoms and complaints;

➢ in placing Decedent, Jeffrey R. Stiffler, in a hazardous and dangerous condition;

➢ in disregarding Decedent, Jeffrey R. Stiffler's, complaints of pain and sickness;

➢ failing to conduct adequate and timely physical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➢ in failing to prevent the incident, injuries and ultimate death of Decedent, Jeffrey R. Stiffler;

➢ in failing to staff their facility with competent and properly trained personnel;

➤ in failing to fully supply their facility with necessary medical equipment and medications;

➤ in engaging in a pattern of delayed treatment and a callous disregard of Decedent, Jeffrey R. Stiffler's, severe physical symptoms;

➤ in willfully refusing to treat and/or provide for proper treatment of Decedent, Jeffrey R. Stiffler's, medical condition;

➤ in engaging in a general indifference to Decedent, Jeffrey R. Stiffler's requests for medical care, attention and treatment;

➤ in showing a deliberate indifference to the medical needs and physical well being of Decedent, Jeffrey R. Stiffler;

➤ in engaging in a pattern of conduct that demonstrated a willful refusal and/or a deliberate indifference to provide adequate medical care and/or provide for the physical well being of Decedent, Jeffrey R. Stiffler, an inmate incarcerated at Mohawk Correctional Facility and/or Mid-State Correctional Facility, who was suffering from an obvious and known ailment, and was in their custody and control and/or under their care;

➤ in failing to properly train and supervise their officers, agents and employees to recognize that Decedent, Jeffrey R. Stiffler, was in need of medical care and attention;

➤ in implementing policies that palpably and deliberately interfered with the exercise of sound professional judgment by health care or other workers that they supervised, with a conscious disregard for the resulting substantial risk of serious health consequence to Decedent, Jeffrey R. Stiffler, an incarcerated individual, whose medical needs they should have been prepared to and were obligated to meet;

29

> in engaging in grossly negligent behavior by failing to supervise subordinates who were committing wrongful acts;

> in creating a policy or custom under which unconstitutional practices occurred or in permitting and allowing the continuance of such a policy or custom;

> in denying and/or delaying Decedent, Jeffrey R. Stiffler's, access to a physician, a medical specialist and proper treatment;

> failing to properly supervise their officers, agents, employees and/or other subordinates;

> failing to provide a coordinated quality control program and/or external review program of their medical staff and other personnel;

> failing to adopt or enforce higher standards of accountability to assure quality health services in their facilities;

> failing to adopt or enforce a detailed quality assurance protocol, similar to those used in hospitals, developed by the chief medical officer, carried out by the facility's health service director and evaluated regularly for compliance by regional medical directors;

> employing medical physicians, nurse practitioners, registered nurses and other medical staff that did not have adequate qualifications, credentials, experience and training; and

> the Defendants and/or their officers, agents, employees and/or subordinates were otherwise negligent.

87.    As a result of Defendants' negligence Plaintiffs' Decedent sustained serious personal injuries which led to his ultimate death.

88.    Upon information and belief, the limitations set forth in Article 16 of the CPLR do not apply and this Claim states a cause of action which, if alleged and proved, would be an exception to CPLR 1602(2)(iv).

89.    By reason of the foregoing, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the ESTATE OF JEFFREY R. STIFFLER, are entitled to judgment against the Defendants for their Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of their negligence in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### *FOURTH CAUSE OF ACTION*
### *CONSCIOUS PAIN & SUFFERING DUE TO NEGLIGENCE –*
### *AS AGAINST ALL DEFENDANTS*

90.    Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1" through "89", with the same force and effect as if more fully set forth herein.

91.    The negligent, reckless, and wanton acts and omissions of the Defendants and/or their agents, servants, representatives, employees and/or subordinates, caused Decedent, Jeffrey R. Stiffler, substantial conscious pain and suffering and his ultimate death.

92.    By reason of the foregoing, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the Estate of JEFFREY R. STIFFLER,

are entitled to judgment against the Defendants for Decedent's conscious pain and suffering as a result of their negligence in the amount of TEN MILLION DOLLARS ($10,000,000.00).

### *FIFTH CAUSE OF ACTION MEDICAL MALPRACTICE - AS AGAINST DEFENDANTS FREDERICK HARRISON GRABO, M.D.; MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.; HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.; GLORIA JANE JANICKI, N.P.; ROBERT J. NICAISE, M.D.; SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N.; SALLY ANN BAXTER, R.N. and JOHN DOE" and/or "JOHN DOES"*

93.     Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1" through "92", with the same force and effect as if more fully set forth herein.

94.     On or about the Fall of 2002, and for a period of time thereafter, the Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", negligently, carelessly and without regard for Plaintiffs' Decedent, Jeffrey R. Stiffler's, health and well-being, treated said Decedent in a manner that resulted in him sustaining a severe and serious medical condition, which led to his ultimate death.

95.     On or about the Fall of 2002, and for a period of time thereafter, despite numerous

and continuous complaints, Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", and/or their agents, employees and/or other staff, failed to provide reasonable care and diligence in affording proper medical care to Plaintiffs' Decedent; failed to employ approved medical methods in use; and failed to timely diagnose Plaintiffs' Decedent's illness and condition.

96.    The wrongful death of Plaintiffs' Decedent was the direct and proximate cause of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", who deviated from good, usual, customary and accepted medical practice.

97.    Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT,

M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", by their joint and several actions, exhibited deliberate indifference in that their conduct exhibited a substantial departure from accepted professional judgment, practice or standards.

98.    Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", by their joint and several actions, are liable for the injuries, damages and ultimate death of Plaintiffs' Decedent, Jeffrey R. Stiffler, in that they failed to treat the Decedent, Jeffrey R. Stiffler, within the confines of usual, customary and accepted medical practice and deprived the Decedent, Jeffrey R. Stiffler, of having his condition treated and cured, thereby avoiding painful and fatal consequences, and the ultimate death of Plaintiffs' Decedent, Jeffrey R. Stiffler.

99.    The joint and/or several negligence of the Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH

BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", and/or through their agents, servants, representatives and/or employees, among other things, consisted of the following, to wit:

> In denying or delaying the Decedent, Jeffrey R. Stiffler's, access to proper and adequate medical care and treatment for his serious medical condition;

> In failing to immediately transfer the Decedent, Jeffrey R. Stiffler, upon realizing he had a serious medical condition, to St. Luke's Hospital or some other medical hospital where he could receive proper medical care and treatment by skilled physicians and nurses and other hospital staff;

> in failing to properly, adequately and timely respond to the Decedent, Jeffrey R. Stiffler's, requests for medical attention;

> in failing to properly, adequately and timely seek and/or provide medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained he was ill, not feeling well, had body aches and fever;

> in failing to provide knowledgeable, skillful and competent medical care and treatment to the Decedent, Jeffrey R. Stiffler, after he complained that he was not feeling well while he was incarcerated by the New York State Department of Correctional Services;

> in failing to timely and adequately provide medical treatment and properly diagnose the Decedent, Jeffrey R. Stiffler's, medical condition while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to provide all necessary health care services to the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to recognize or have the knowledge to recognize their inabilities and lack of skill to treat the Decedent, Jeffrey R. Stiffler, when they knew or should have known of the foreseeable consequences of their inability and failure to properly provide said Decedent with acceptable medical care and treatment;

➢ in failing to transfer Decedent, Jeffrey R. Stiffler, to a medical facility that was trained and equipped to deal with his medical condition after he complained that he was ill and did not feel well;

➢ in failing to have proper procedures in place for providing medical care and treatment to Decedent, Jeffrey R. Stiffler, who was in need of medical care and treatment, while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to properly protect and keep safe the Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in failing to coordinate and monitor the needed medical services for Decedent, Jeffrey R. Stiffler, to assure his optimum physical well-being while a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ in their failure to provide the necessary medical care and services to attain or maintain the highest practicable physical well being of Decedent, Jeffrey R. Stiffler, while he was detained at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ by failing to exercise reasonable care and prudence and supervision, so as to prevent the ultimate death of the Decedent, Jeffrey R. Stiffler;

➢ failing to provide adequate assistance to the Decedent, Jeffrey R. Stiffler, while he was a detainee at Mohawk Correctional Facility and/or Mid-State Correctional Facility and in their custody and control and/or under their care;

➢ failing to exercise all care reasonably necessary to prevent and limit risk of injury or death to the Decedent, Jeffrey R. Stiffler;

➢ in failing to take appropriate precautions for the Decedent, Jeffrey R. Stiffler, after he complained he was ill and not feeling well;

➢ in failing to abide by the standard of care and/or proper protocol requirements when a detainee is ill and requires medical care, attention and/or treatment;

➢ in failing to make a timely medical referral of Decedent, Jeffrey R. Stiffler;

➢ in failing to conduct proper physical medical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➢ in callously disregarding Decedent, Jeffrey R. Stiffler's, severe physical symptoms and complaints;

➢ in placing Decedent, Jeffrey R. Stiffler, in a hazardous and dangerous condition;

➢ in disregarding Decedent, Jeffrey R. Stiffler's, complaints of pain and sickness;

➢ failing to conduct adequate and timely physical examinations or other tests on Decedent, Jeffrey R. Stiffler;

➢ in failing to prevent the incident, injuries and ultimate death of Decedent, Jeffrey R. Stiffler;

➢ in failing to staff their facility with competent and properly trained personnel;

➢ in failing to fully supply their facility with necessary medical equipment and medications;

➢ in engaging in a pattern of delayed treatment and a callous disregard of Decedent, Jeffrey R. Stiffler's, severe physical symptoms;

➢ in willfully refusing to treat and/or provide for proper treatment of Decedent, Jeffrey R. Stiffler's, medical condition;

➢ in engaging in a general indifference to Decedent, Jeffrey R. Stiffler's requests for medical care, attention and treatment;

➢ in showing a deliberate indifference to the medical needs and physical well being of Decedent, Jeffrey R. Stiffler;

➢ in engaging in a pattern of conduct that demonstrated a willful refusal and/or a deliberate indifference to provide adequate medical care and/or provide for the physical well being of Decedent, Jeffrey R. Stiffler, an inmate incarcerated at Mohawk Correctional Facility and/or Mid-State Correctional Facility, who was suffering from an obvious and known ailment and in their custody and control and/or under their care;

➢ in failing to properly train and supervise their officers, agents and employees to recognize that Decedent, Jeffrey R. Stiffler, was in need of medical care and attention;

➢ in implementing policies that palpably and deliberately interfered with the exercise of sound professional judgment by health care or other workers that they supervised, with a conscious disregard for the resulting substantial risk of serious health consequence to Decedent, Jeffrey R. Stiffler, an incarcerated individual, whose medical needs they should have been prepared to and were obligated to meet;

➢ in engaging in grossly negligent behavior by failing to supervise subordinates who were committing wrongful acts;

➢ in creating a policy or custom under which unconstitutional practices occurred or in permitting and allowing the continuance of such a policy or custom;

➢ in denying and/or delaying Decedent, Jeffrey R. Stiffler's, access to a physician, other medical specialist and proper treatment;

➢ failing to properly supervise its agents, employees and/or other staff with regards to the care and treatment that was being rendered to Decedent, Jeffrey R. Stiffler;

➢ failing to provide a coordinated quality control program and/or external review program of their medical staff and other personnel;

➢ failing to adopt or enforce higher standards of accountability to assure quality health services in their facilities;

➤ failing to adopt or enforce a detailed quality assurance protocol, similar to those used in hospitals, developed by the chief medical officer and carried out by the facility's health service director;

➤ employing medical physicians, nurse practitioners, registered nurses and other medical staff that did not have adequate qualifications, credentials, experience and training; and

➤ the Defendants, by and through their own actions, or those of their agents, employees and other staff, were otherwise negligent.

100.    As a result of Defendants', FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N,, ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", negligence and medical malpractice Plaintiffs' Decedent sustained serious personal injuries which led to his ultimate death.

101.    Upon information and belief, the limitations set forth in Article 16 of the CPLR do not apply and this Claim states a cause of action which, if alleged and proved, would be an exception to CPLR 1602(2)(iv).

102.    By reason of the foregoing, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the ESTATE OF JEFFREY R. STIFFLER, are entitled to judgment against the Defendants, FREDERICK HARRISON

GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", for Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of their malpractice in the amount of TWENTY MILLION DOLLARS ($20,000,000.00).

### SIXTH CAUSE OF ACTION - CONSCIOUS PAIN & SUFFERING DUE TO MEDICAL MALPRACTICE AS AGAINST DEFENDANTS FREDERICK HARRISON GRABO, M.D.; MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.; HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.; GLORIA JANE JANICKI, N.P.; ROBERT J. NICAISE, M.D.; SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and JOHN DOE" and/or "JOHN DOES"

103.    Plaintiffs repeat, reiterate and reallege each and every allegation of the within Complaint numbered "1"through "102", with the same force and effect as if more fully set forth herein.

104.    The negligent, reckless, and wanton acts and omissions of the Defendants, their agents, servants, representatives and/or employees, as a result of their medical malpractice, caused Decedent, Jeffrey R. Stiffler, substantial conscious pain and suffering and his ultimate death.

105.    By reason of the foregoing, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually and as Co-Administrators of the ESTATE OF JEFFREY R. STIFFLER, are entitled to judgment against the Defendants, FREDERICK HARRISON GRABO, M.D., MARCELLA NUNAN SCHEIBEL, R.N., ROBERT ERNEST LOWENSTEIN, M.D., MICHELLE ROSE HOLDBROOK, R.N., HELEN PODKOWKA RICHARDS, R.N., MOHAMMED SEEDAT, M.D., KATHRYN DENISE SCHANTZ, R.N., GLORIA JANE JANICKI, N.P., ROBERT J. NICAISE, M.D., SUBBARAO V. RAMINENI, M.D., DEBORAH BONOMO, R.N., SALLY ANN BAXTER, R.N., and/or JOHN DOE" and/or "JOHN DOES", for Decedent's conscious pain and suffering as a result of their negligence in the amount of TEN MILLION DOLLARS ($10,000,000.00).

WHEREFORE, Plaintiffs, JACK STIFFLER and LAURA CAMPBELL, Individually, and as Co-Administrators of the ESTATE OF JEFFREY R. STIFFLER, hereby seek judgment as follows:

1.    As against all Defendants for Plaintiffs' Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of violations of Title 42 of the United States Code §1983 in the amount of $20,000,000.00 on the First Cause of Action herein;

2.    As against all Defendants for Plaintiffs' Decedent's conscious pain and suffering as a result of violations of Title 42 of the United States Code §1983 in the amount of $10,000,000.00 on the Second Cause of Action herein;

3.     As against all Defendants for Plaintiffs' Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of Defendants negligence in the amount of $20,000,000.00 on the Third Cause of Action herein;

4.     As against all Defendants for Plaintiffs' Decedent's conscious pain and suffering as a result of Defendants negligence in the amount of $10,000,000.00 on the Fourth Cause of Action herein;

5.     As against, Defendants FREDERICK HARRISON GRABO, M.D.; MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.; HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.; GLORIA JANE JANICKI, N.P.; ROBERT J. NICAISE, M.D.; SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N.; SALLY ANN BAXTER, R.N.; and/or JOHN DOE" and/or "JOHN DOES", for Plaintiffs' Decedent's injuries, damages and wrongful death, for pecuniary losses, loss of services, loss of inheritance, funeral and burial expenses, and other losses, as a result of said Defendants medical malpractice in the amount of $20,000,000.00 on the Fifth Cause of Action herein; and

6.     As against Defendants FREDERICK HARRISON GRABO, M.D.; MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.; HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.; GLORIA JANE JANICKI, N.P.; ROBERT J. NICAISE, M.D.; SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N.; SALLY

ANN BAXTER, R.N.; and/or JOHN DOE" and/or "JOHN DOES", for Plaintiffs' Decedent's conscious pain and suffering as a result of said Defendants medical malpractice in the amount of $10,000,000.00 on the Sixth Cause of Action herein;.

       7.      Together with such other and further relief as the Court may deem just and proper, including costs and disbursements and attorneys fees for this action.

Dated:  December 17, 2003

Yours, etc.

Eva Brindisi Pearlman, Esq.
Bar Roll No.:  508958
**BRINDISI, MURAD & BRINDISI-PEARLMAN, LLP**
Attorneys for Plaintiffs
Office and Post Office Address
2713 Genesee Street
Utica, NY  13501
(315)  733-2396

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

**JACK STIFFLER and LAURA CAMPBELL,**
**Individually and as Co-Administrators of the**
**Estate of JEFFREY R. STIFFLER, Deceased,**

Plaintiffs,

vs.

**GLENN S. GOORD; FREDERICK HARRISON GRABO, M.D.;**
**MARCELLA NUNAN SCHEIBEL, R.N.; ROBERT ERNEST**
**LOWENSTEIN, M.D.; MICHELLE ROSE HOLDBROOK, R.N.;**
**HELEN PODKOWKA RICHARDS, R.N.; MOHAMMED**
**SEEDAT, M.D.; KATHRYN DENISE SCHANTZ, R.N.;**
**GLORIA JANE JANICKI, N.P.; EDWARD REYNOLDS;**
**CHARLIE ATKINSON; ROBERT J. NICAISE, M.D.;**
**SUBBARAO V. RAMINENI, M.D.; DEBORAH BONOMO, R.N.;**
**SALLY ANN BAXTER, R.N.; JOSEPH COSTELLO; and "JOHN DOE"**
**and/or "JOHN DOES", being fictitious and intended to designate**
**the person(s) who provided medical and/or nursing services and/or**
**who participated in the denial or delay of medical services and/or**
**treatment to the Decedent, Jeffrey R. Stiffler, while he was detained**
**at Mohawk Correctional Facility and/or Mid-State Correctional Facility,**

Defendants.

---

## CERTIFICATE OF MERIT PURSUANT TO §3012-A

STATE OF NEW YORK      )
                            ) ss.:
COUNTY OF ONEIDA        )

        I, EVA BRINDISI PEARLMAN, being duly sworn, deposes and says:

1.       I am an attorney duly licensed to practice law in the State of New York and am the attorney for the Plaintiffs in the above action.

2.       I have reviewed the facts of the case and have consulted with at least one physician who is a licensed and practicing physician and who I reasonably believe is knowledgeable in the relevant issues involved in this action.

3.     I have concluded on the basis of such review and consultation that there is a reasonable

basis for the commencement of this action.

_Eva Brindisi Pearlman_

EVA BRINDISI PEARLMAN, ESQ.

Sworn to before me this _17th_
day of December, 2003.

_Michashur_

Notary Public
Notary Public State of New York
Oneida County
My Comm Expires _02/23/05_